## PHILADELPHIA LOAN COMPANY v. ISAAC.

### October 7, 1837.

*Rule to show cause of action, and why defendant should not be discharged on common bail.*

In an action on a promissory note, an affidavit to hold to bail which does not state whether the plaintiff holds it as payee or endorsee, or in what character, is defective.

THIS was a *capias ad respondendum.* The defendant obtained this rule. The plaintiffs produced an affidavit of one of the officers of the company, as follows:—

"T. M. Moore, cashier of the Philadelphia Loan Company, above named, being duly sworn according to law, saith, that the defendant is indebted to the Philadelphia Loan Company in the sum of one hundred and twenty dollars upon a promissory note drawn by said defendant, which said note is due and unpaid, and that to the best of deponent's knowledge and belief, the defendant is about to quit this commonwealth, without leaving sufficient real or personal estate therein to satisfy the said demand."

*Whitman,* for plaintiffs.

*H. M. Phillips,* for defendant, said that the affidavit was defective because it did not state whether the plaintiffs held the note as *payee* or *endorsee.*

PER CURIAM.—The rule, gathered from all the cases, seems to be well established, that an affidavit to hold to bail, in a suit on a bill or note, should disclose that the party suing has an interest in the bill or note as payee, endorsee, or in some other character. 7 *East* 94 ; 2 *Brod. & Bing.* 343 ; 7 *Taunt.* 171 ; 2 *B. & B.* 338 ; *Petersdorff on Bail* (10 *Law Library*) 98.

Rule absolute.